MATTOON & CO., INC. *v.* UNITED STATES

**No. 7392.**—Invoice dated Mexico, D. F., June 16, 1943.
Certified June 18, 1943.
Entered at Los Angeles, Calif., July 9, 1943.
Entry No. 73.

(Decided October 1, 1947)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles J. Evans* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

EKWALL, Judge: This is an appeal for reappraisement from findings of value made by the appraiser at the port of Los Angeles on an importation of trunks and suitcases exported from Mexico on July 2, 1943. Said trunks and suitcases were purchased by₁ the Broadway Luggage Shop of Los Angeles from Petacas y Baules in Mexico City. The various articles were entered and appraised as follows, plus cost of packing and crates and plus sales tax:

| Description | Entered values each Mex. | Appraised values each Mex. |
|---|---|---|
| 3209/95 trunks | $44. 50 | $74. 00 |
| 3209/85 trunks | 41. 00 | 67. 50 |
| 3209/75 trunks | 39. 00 | 64. 25 |
| 3208 trunks | 72. 50 | 113. 50 |
| 3212 trunks | 68. 25 | 109. 25 |
| 3301/75 suitcases | 28. 50 | 50. 00 |
| 3301/70 suitcases | 26. 25 | 46. 00 |
| 3301/65 suitcases | 24. 25 | 40. 25 |
| 3301/60 suitcases | 22. 00 | 37. 75 |

The basis of appraisement is not in dispute. Plaintiff contends that the invoiced and entered values are the proper dutiable values, whereas the defendant contends that the values found by the appraiser should govern.

In support of the claim that the invoiced and entered values are correct, plaintiff introduced the testimony of Mr. David Silverstein, a partner in the Broadway Luggage Shop firm. He testified that he does most of the buying for that firm and has done so for 30 years; that during the year 1943 he was in Mexico City and purchased the merchandise here involved, which consisted of trunks and suitcases of a very low class. He stated that the trunks were not finished and the corners were not very good, were very cheap, and that the hardware was very cheap. He further stated that this was not "regular merchandise" by which term he explained he meant that the manufacturer did not have the proper merchandise to finish the articles; it did not have the vulcanized fiber to put on instead of the paper

fiber, cloth lining, or drawbolts, or the proper locks. The seller offered to finish the articles with better materials provided Mr. Silverstein would wait until he obtained a supply of the better-grade materials for the corners and lining, and better hardware, but this offer was refused because the purchaser needed the articles, so they were finished with the poorer grade of materials, including hardware. This witness stated that Petacas y Baules was practically the only concern that had any trunks to sell in Mexico City and that he investigated every known source.

In answer to the court's questions, Mr. Silverstein stated that it was necessary to refinish the trunks after arrival, to change the locks on many, and to put catches on quite a few.

Plaintiff also produced and there was received in evidence as exhibit 2, an affidavit of an employee of Petacas y Baules, in which the affiant states that by reason of his 5 years' experience with said manufacturer he is familiar with the markets in Mexico for articles such as those before us; that he sold to Mr. Silverstein the merchandise described in the consular invoice here involved; that the unit prices stated on said invoice were the actual selling prices of the articles; that Mr. Silverstein bought all the stock that was in production and on hand at that time; that said goods were offered to other buyers at the same time and at the same prices; that the prices paid by Mr. Silverstein were the usual selling prices for such goods in whole-sale quantities at that time in the ordinary course of trade, for exportation to the United States, and were exclusive of cost of packing and incidental charges; that such prices did not change during the year 1943. The affiant also stated that subsequent to the time these articles were sold, the manufacturer began to make similar articles of superior quality, that is, better wood and higher grade locks were used, the workmanship was more careful, and the finish was finer, which resulted in producing more attractive articles. It further appears from this affidavit that a certain price list for 1943 covered articles of superior quality. The prices therein stated are those at which the articles of superior quality were offered for sale and are not applicable to the articles here in suit.

The Government produced the testimony of Mr. Ernest S. Glazer, a customs agent, who testified that he visited the office of the Broadway Luggage Shop to review the firm's records with regard to this entry; that Mr. Silverstein was most cooperative; that during the course of this investigation he could not find any invoice other than invoices similar to the one used on entry. At the time of such visit he obtained a letter from one Federico Blumenthal, addressed to Mr. Silverstein (exhibit 1 herein), and that he did not obtain any price list issued by Petacas y Baules in June 1943.

The above-mentioned letter, under date of June 1, 1943, shows prices considerably higher than those at which entry was made, but states that "prices have increased considerably", and are subject to change.

Plaintiff has filed a brief but Government counsel in a letter addressed to the court states that upon consideration of the record and brief of opposing counsel the Government does not desire to file a brief.

I am satisfied that the evidence establishes that the articles in suit were inferior in quality and workmanship to what was regarded as "regular merchandise." I am likewise satisfied that the prices as entered were the usual selling prices of such goods for exportation to the United States, were the prices at which any purchaser could buy, and that the prices for home consumption were no higher.

I therefore find the values to be the export values as defined in section 402 (d) of the Tariff Act of 1930, and that such values are the entered values.

Judgment will issue accordingly.