## MATTOON & CO. v. UNITED STATES

**No. 7521.**—Invoice dated Mexico, D. F., May 19, 1943.
  Certified May 24, 1943.
  Entered at Los Angeles, Calif., June 19, 1943.
  Entry No. 2419.

(Decided January 23, 1948)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil* and *Daniel I. Auster*, special attorneys), for the defendant.

MOLLISON, Judge: This appeal for reappraisement involves the values of certain trunks and suitcases exported from Mexico on or about June 9, 1943. The merchandise was entered at the invoice unit values plus packing and tax, and was appraised at higher unit values plus packing and tax. There is no dispute as to the basis of appraisement, export value as defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)), the difference between the parties being the amount of such export value as to each item.

The facts in this case are identical with those involved in the case of *Mattoon & Co., Inc.* v. *United States*, decided October 1, 1947, and reported in 19 Cust. Ct. 259, Reap. Dec. 7392, with the exception that the date of exportation of the merchandise here involved was between three and four weeks earlier than that involved in the cited case. It appears that the merchandise is identical with that the subject of the cited case, and that it was ordered at the same time. In the main, the testimonial record is the same, and, in addition, in the case at bar there was offered and received as plaintiff's exhibit 3 an affidavit made by one Armando Marin y Ruiz, an employee of the exporter, relating particularly to the market situation with respect to merchandise such as that at bar at the time of its exportation from Mexico.

It is unnecessary here to repeat the statement of the facts and the evidence adduced at the trial so well set forth in the decision of Ekwall, J., in the cited case, and it will be considered to have been incorporated herein by reference. Plaintiff's exhibit 3 in the present case was made by the same affiant who executed the affidavit received in evidence as plaintiff's exhibit 2 in the cited case, and he makes the same statements with specific reference to the situation existing at the time of exportation of the merchandise at bar as he did in the said exhibit 2 in the cited case with respect to the time of exportation of the merchandise there involved.

It clearly appears that the merchandise involved in this and in the cited case, which, as has been said, was purchased at the same time although exported in a number of shipments, was of the same kind and quality, i. e., inferior to the "regular" merchandise which the same exporter manufactured subsequently and upon the values of which the appraiser evidently based his appraisement. From the record before me I am satisfied that the entered value of each of the items here in question represented the statutory export value of such items.

I therefore find the proper basis of value of the merchandise at bar to be export value as defined in section 402 (d) of the Tariff Act of 1930, and that such value, for each item, is the entered value.

Judgment will issue accordingly.