(Reap. Dec. 8918)

HOENIG PLYWOOD CORP.
WILLIAMS, CLARKE CO. } *v.* UNITED STATES

Entry No. 4926, etc.

(Decided July 17, 1957)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

MOLLISON, Judge: These are appeals for reappraisement from values found by the appraiser on certain plywood, imported from Italy. The merchandise was purchased and entered at a value of $47 per thousand square feet, plus packing, and was appraised at $49.03 per thousand square feet, packed, resulting in a comparatively small advance. As will be seen, however, the dispute between the parties does not concern the advance over the entered value.

The facts in the matter are not seriously controverted by either party and are as follows: The plaintiff, Hoenig Plywood Corp., purchased from the seller in Italy an item known as "Poplar Plywood, Faces Red Helm, Backs Brandless," which consisted of plywood, cut into door sizes and intended to be used as facings for doors. There was an agreement that the shipper would ship plywood, on which 100 per centum of the faces would have no open defects, although it

was permitted that 20 per centum might have defects which had been repaired by a filler in a perfect manner. The backs, which would be concealed when the plywood was used on doors, could contain defects.

The merchandise was shipped direct from Italy to the plaintiff Hoenig's customers in Los Angeles. On being unpacked by the customers, it was found that the merchandise was not up to specification, in that there were open knotholes and splits on the facings; that more than 20 per centum of the sheets had been repaired by plastic filler; and that the repairs were not well made. These facts were verified by and are contained in the testimony of plaintiffs' witness Hoenig, president of the Hoenig Plywood Corp.

As the merchandise was unsuitable for use in doors or in any application where face appearance was important, it was ultimately cut up and used in less important applications, such as bottoms for drawers.

Plaintiff Hoenig made application to the seller and was granted an allowance of approximately 30 per centum from the purchase price, and it is plaintiffs' contention that the purchase price, or the appraised value, less such allowance, should be accepted as the value of the merchandise for tariff purposes.

Although admitting that the appraised value was based upon the value of merchandise, in accordance with the specifications, defendant contends that no relief can be granted the importer in the situation, inasmuch as plaintiffs were unable to establish the statutory elements of value of the defective merchandise.

In the brief filed in their behalf, plaintiffs have cited a number of cases in support of their contention that, in the case of odd lots, job lots, and defective merchandise, the actual purchase price represents the value for tariff purposes. Examination of most of them, however, viz, Circ. Reap. 31915; Circ. Reap. 35196; *United States* v. *Railway Express Agency, Inc.*, Reap. Dec. 2274; *United States* v. *Luigi*, 11 Cust. Ct. 437, Reap. Dec. 5941; *Mattoon & Co., Inc.* v. *United States*, 19 Cust. Ct. 259, Reap. Dec. 7392; and *Mattoon & Co.* v. *United States*, 20 Cust. Ct. 361, Reap. Dec. 7521, shows that the merchandise involved was either originally offered and purchased as an odd lot, job lot, or defective merchandise, or that such lots or defective merchandise were regularly offered for sale as such. In the remaining case, *United States* v. *Marks & Rosenfeld, Inc.*, 1 Cust. Ct. 704, Reap. Dec. 4432, there was a concession on the part of the Government as to the value of other than first-quality merchandise. Such a concession was not made in this case, and it seems clear from the record that neither the merchandise at bar nor such or similar merchandise was ever freely offered for sale in Italy as defective merchandise at the prices claimed by plaintiffs,

Our tariff system is based in part upon the imposition of ad valorem duties. It contemplates that any merchandise having value and subject to such duties will be assessed with duties according to its value. Section 402 of the Tariff Act of 1930, both as originally enacted and as amended, was set up to guide the ascertainment of the value of imported merchandise for the imposition of ad valorem duties thereon.

However, the bases of value set forth in the statute, except possibly cost of production, all relate to the value of merchandise which is freely offered for sale at the time of exportation of the merchandise under appraisement—they do not contemplate situations, such as that in the case at bar, where defects discovered only after sale and delivery obviously call for a lower value than for first-grade merchandise, and where such or similar defective merchandise was not freely offered for sale within the requirements of the statute. Even cost of production could hardly be considered to be applicable, unless a showing was made that merchandise known as defective merchandise was produced.

The matter seems to be particularly unfortunate in the case at bar, where it is admitted on the part of the Government that the appraised value was based upon first-grade merchandise meeting the specifications, and not upon defective merchandise such as that actually imported (R. p. 34).

A footnote observation in R. Elberton Smith's "Customs Valuation in the United States" (University of Chicago Press, 1948) at page 150 seems particularly apt:

> The appraiser frequently has great difficulty in discovering a value corresponding to any of the valuation bases specified. Nevertheless, he is technically prohibited from making an arbitrary valuation, i. e., every appraisement must be one of the forms specified in sec. 402 (C. R. 2931; 3090; Abs. 26863 [CC]). He may in fact, however, make an arbitrary valuation and label it as one of the statutory bases (e. g., foreign value) and it will stand before the courts unless the importer (a) overthrows the legal presumption of correct appraisement and (b) satisfactorily establishes a different value as correct (*Garbey* v. *United States*, 24 C. C. P. A. 48 [1936]). It is sometimes easy to show that the appraisement is palpably erroneous without successfully establishing another valuation. In such cases the appraisement stands.

The plaintiffs, in this case, had a burden impossible to meet under the valuation statute as it exists, inasmuch as that statute does not contemplate a price or market value for merchandise in the situation of that at bar. The remedy, however, is legislative, not judicial.

Counsel for the defendant, while admitting that no remedy exists under the valuation statute, points to the fact that a means of recovering 99 per centum of the duties paid on the shipment exists under section 313 (c) of the Tariff Act of 1930, providing for the exportation,

with benefit of drawback, of merchandise not conforming to specifications.

Whether this would be real, and not illusory, relief may be questionable. No doubt, the importer would incur additional costs in exporting the merchandise, which costs he might or might not get back, or he might meet with administrative difficulty in establishing the specifications which were violated.

On the facts of the case and under the statute as it exists, I am unable to find a value for the merchandise other than that at which it was appraised.

I find as facts:

(1) That the merchandise under appraisement consisted of Poplar Plywood, Faces Red Helm, Backs Brandless, exported from Italy during August 1954.

(2) That the merchandise was appraised by the appraiser on the basis that it was first-class merchandise.

(3) That the merchandise imported was, in fact, not first-class merchandise, but was defective and did not meet the specifications under which it was ordered.

(4) That no evidence was offered upon which a finding of value under any of the statutory bases set forth in section 402, as amended, of the Tariff Act of 1930 might be made.

I conclude as matters of law:

(1) That, by operation of the statutory presumption attaching to the value found by the appraiser (28 U. S. C. § 2633), the value of the merchandise at bar is that found by the appraiser.

Judgment will issue accordingly.