(Reap. Dec. 9618)

SIMON BENENSON *v.* UNITED STATES

Entry No. 701593.

(Decided March 4, 1960)

Plaintiff not represented by counsel.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement relates to certain items of bric-a-brac (plaintiff's exhibit 2), which plaintiff contends are secondhand merchandise and, therefore, should be appraised at values less than those found by the appraiser. Plaintiff's claim is stated in his letter, addressed to the "Treasury Department—Bureau of Customs—New York, N.Y." (plaintiff's exhibit 1), reading as follows:

\* \* \* with reference to our notice of May 7th 1959 relative to Entry #701593 dated 7.2.58, per American Forwarder, I disagree with your contemplated notion to advance the value for the following reasons:

1/ The dutable [*sic*] merchandise, being "second hand" articles, having been purchased at competitive prices, must not under any circumstances be considered as merchandise of comparable value as purchased by other importers, because no standards can be established for comparison. For this reason it would be most unfair to force me to pay duty on higher values than prices (actual prices) paid for, as per invoices. I may add that many of these items had damages and the porcelain pieces had chips.

2/ For the above mentioned valid reasons I object to the raise of the values of 50% and even more %s.

When the case was called for trial, plaintiff appeared personally and merely stated that the articles in question are "all second-hand" (R. 7), that some of the items had been damaged and were repaired, and that he so advised the appraiser when the merchandise in question was under examination.

The burden of a plaintiff in a reappraisement proceeding is set forth in *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495, as follows:

By statutory provision Congress has directed that (1) the value found by the appraiser shall be presumed to be the value of the merchandise and (2) the burden shall rest upon the party who challenges its correctness to prove otherwise.

To sustain his burden of proof, and overcome this statutory presumption, it is incumbent upon appellant, the party challenging the value found by the appraiser in the first instance, to prove the action of the appraiser was erroneous and to establish some other dutiable value as the proper one. To do this, that party must meet every material issue involved in the case, and if he fails to do so the value fixed by the appraiser remains in full force and effect. *United States* v. *Gane and Ingram, Inc.*, 24 C.C.P.A. (Customs) 1, T.D. 48264, citing *United States* v. *T. D. Downing Co. (George H. Sweetnam, Inc.)*, 20 C.C.P.A. (Customs) 251, T.D. 46057. * * *

On the record herein, plaintiff has failed to sustain his burden. There is nothing in plaintiff's testimony upon which to determine a value within the requirements of section 402 of the Tariff Act of 1930, as originally enacted and as amended, which is the statutory guide for ascertaining the value of imported merchandise. It is fair to say that plaintiff's task of establishing a statutory value for secondhand merchandise, such as or similar to that in question, is an extremely difficult one. The case of *Hoenig Plywood Corp. et al* v. *United States*, 39 Cust. Ct. 579, Reap. Dec. 8918, affirmed in *Same* v. *Same*, 41 Cust. Ct. 607, A.R.D. 91, emphasized the hardship imposed upon an importer in an issue like that involved herein. There, the merchandise consisted of certain plywood which the importer sought to have appraised at a value lower than that found by the appraiser. In rejecting the importer's claim, the court (A.R.D. 91, *supra*) stated as follows:

* * * There is nothing in the instant record which remotely establishes the price at which inferior merchandise such as here involved was freely offered for

sale to all purchasers in the usual wholesale quantities and in the ordinary course of trade. It is admitted that such proof is not available, but it is essential, and without it, appellants can not prevail.

We are not unaware of the hardship to which appellants are thus subjected, but this is a court without equitable jurisdiction and the strict dictates of the valuation provisions must be observed. In attaching to the appraiser's return of value a presumption of correctness, and thrusting upon the party who challenges it the burden of proving otherwise, Congress may well have recognized that difficulties such as these can and will arise. It is apparent, however, that it was not desired that the appraised value be lightly upset.

Since plaintiff has failed to overcome the presumption of correctness which is attached to the appraised value by statute (28 U.S.C. § 2633), the values found by the appraiser are the proper values for each of the items in question. I so hold. Judgment will be rendered accordingly.